**Slip Op. 00-59**

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                                            :
SKF USA Inc., SKF FRANCE S.A., SARMA,    :
SKF GmbH, SKF INDUSTRIE S.p.A. and SKF   :
SVERIGE AB,                                             :
                                                            :
        Plaintiffs,                                 :
                                                            :
        v.                                          :      Court No. 98-07-02540
                                                            :
UNITED STATES,                                      :
                                                            :
        Defendant,                                  :
                                                            :
THE TORRINGTON COMPANY,              :
                                                            :
        Defendant-Intervenor.                      :
_____:

        Plaintiffs, SKF USA Inc., SKF France S.A., Sarma, SKF GmbH, SKF Industrie S.p.A. and SKF Sverige AB (collectively "SKF"), move pursuant to USCIT R. 56.2 for judgment upon the agency record challenging various aspects of the Department of Commerce, International Trade Administration's ("Commerce") final determination, entitled *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, and the United Kingdom; Final Results of Antidumping Duty Administrative Reviews*, 63 Fed. Reg. 33,320 (June 18, 1998), as amended, *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Italy, Romania, and the United Kingdom; Amended Final Results of Antidumping Duty Administrative Reviews*, 63 Fed. Reg. 40,878 (July 31, 1998).

        Specifically, SKF contends that Commerce erred in: (1) using aggregate data of all foreign like products under consideration for normal value in calculating profit for constructed value ("CV") under 19 U.S.C. § 1677b(e)(2)(A) (1994); and (2) excluding below-cost sales from the CV profit calculation.

        Commerce responds that it properly (1) calculated CV profit pursuant to § 1677b(e)(2)(A); and (2) excluded below-cost sales from the CV profit calculation. The Torrington Company agrees with Commerce's determinations.

**Held:** SKF's USCIT R. 56.2 motion is denied. Commerce's final determination is affirmed in all respects.

[SKF's motion is denied. Case affirmed.]

Dated: June 1, 2000

*Steptoe & Johnson LLP* (*Herbert C. Shelley*) for SKF USA Inc., SKF France S.A., Sarma, SKF GmbH, SKF Industrie S.p.A. and SKF Sverige AB.

*David W. Ogden*, Acting Assistant Attorney General; *David M. Cohen*, Director, *Velta A. Melnbrencis*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; of counsel: *David R. Mason*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for defendant.

*Stewart and Stewart* (*Terence P. Stewart*, *Geert De Prest* and *Lane S. Hurewitz*) for The Torrington Company.

**OPINION**

**TSOUCALAS, Senior Judge:** Plaintiffs, SKF USA Inc., SKF France S.A., Sarma, SKF GmbH, SKF Industrie S.p.A. and SKF Sverige AB (collectively "SKF"), move pursuant to USCIT R. 56.2 for judgment upon the agency record challenging various aspects of the Department of Commerce, International Trade Administration's ("Commerce") final determination, entitled *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, and the United Kingdom; Final Results of Antidumping Duty Administrative Reviews*, 63 Fed. Reg. 33,320 (June 18, 1998), as amended, *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Italy, Romania, and the United Kingdom; Amended Final Results of Antidumping Duty Administrative*

*Reviews* ("*Amended Final Results*"), 63 Fed. Reg. 40,878 (July 31, 1998).

## BACKGROUND

This case concerns the eighth administrative review of 1989 antidumping duty orders on antifriction bearings (other than tapered roller bearings) and parts thereof imported from several countries, including France, Germany, Italy and Sweden, for the period of review ("POR") covering May 1, 1996 through April 30, 1997.  In accordance with 19 C.F.R. § 353.22(c) (1995), Commerce initiated the administrative reviews of these orders on June 17, 1997 and August 28, 1997, and published the preliminary results of the subject reviews on February 9, 1998.[1]  *See Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, and [t]he United Kingdom* ("*Preliminary Results*"), 63 Fed. Reg. 6512 (Feb, 9, 1998) (citations omitted).  Commerce published the *Final Results* on June 18, 1998, *see* 63 Fed. Reg. at 33,320, and the *Amended Final Results* on July 31, 1998, *see* 63 Fed. Reg. at 40,878.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 19 U.S.C. § 1516a(a) (1994) and 28 U.S.C. § 1581(c) (1994).

---

[1]  Since the administrative review at issue was initiated after December 31, 1994, the applicable law in this case is the antidumping statute as amended by the Uruguay Round Agreements Act ("URAA"), Pub. L. No. 103-465, 108 Stat. 4809 (1994) (effective Jan. 1, 1995).

**STANDARD OF REVIEW**

In reviewing a challenge to Commerce's final determination in an antidumping administrative

review, the Court will uphold Commerce's determination unless it is "unsupported by substantial

evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i)

(1994).

**DISCUSSION**

I.      **Commerce's CV Profit Calculation**

A.      **Background**

For this POR, Commerce used constructed value ("CV") as the basis for normal value ("NV")

"when there were no usable sales of the foreign like product in the comparison market." *Preliminary*

*Results*, 63 Fed. Reg. at 6516. Commerce calculated the profit component of CV using the statutorily

preferred methodology of 19 U.S.C. § 1677b(e)(2)(A).[2] *See Final Results*, 63 Fed. Reg. at 33,333.

In applying the preferred methodology for calculating CV profit under § 1677b(e)(2)(A), Commerce

determined that the use of aggregate data that encompasses all foreign like products under

consideration for NV results in a practical measure of profit that it can apply consistently in each case.

*See id.* Also, since § 1677b(e)(2)(A) requires Commerce to use the actual amount for profit in

---

[2] Specifically, in calculating constructed value, the statutorily preferred method is to calculate an amount for profit based on "the actual amounts incurred and realized by the specific exporter or producer being examined in the investigation or review . . . in connection with the production and sale of a foreign like product [made] in the ordinary course of trade." 19 U.S.C. § 1677b(e)(2)(A) (1994).

connection with the production and sale of a foreign like product in the "ordinary course of trade,"

Commerce excluded below-cost sales from the CV calculation that were considered to be outside of

the "ordinary course of trade." *See id.* at 33,333-36.

### B.       Contentions of the Parties

SKF contends that Commerce's use of aggregate data encompassing all foreign like products

under consideration for NV for calculating CV profit is contrary to § 1677b(e)(2)(A) and to the explicit

hierarchy established by § 1677(16) for selecting "foreign like product" for the CV profit calculation.

*See* SKF's Reply Br. at 2-21.  In addition, SKF argues, *inter alia*, that Commerce's CV profit

methodology unlawfully excluded below-cost sales from the CV profit calculation.  *See* SKF's Br.

Supp. Mot. J. Agency R. at 3, 8-31.

Commerce responds that it properly calculated CV profit pursuant to § 1677b(e)(2)(A) based

on aggregate profit data of all foreign like products under consideration for NV and it properly

excluded below-cost sales from the CV profit calculation.  *See* Def.'s Mem. in Opp'n to Pls.' Mot. J.

Agency R. at 2, 4-19.  Torrington agrees with Commerce's determinations.  *See* Torrington's Resp. to

Pls.' Mot. J. Agency R. at 2-3, 5-12.

#### C.    Analysis

In *RHP Bearings Ltd. v. United States*, 23 CIT __, 83 F. Supp. 2d 1322 (1999), this Court upheld Commerce's CV profit methodology of using aggregate data of all foreign like products under consideration for NV as being consistent with the antidumping statute. *See id.* at ___, 83 F. Supp. 2d at 1336. Since SKF's arguments and the CV profit methodology at issue in this case are practically identical to those presented in *RHP Bearings*, the Court adheres to its reasoning in *RHP Bearings* and, therefore, finds that Commerce's CV profit methodology and exclusion of below-cost sales to be supported by substantial evidence and in accordance with law.

### II.    Other Issues

The Court has considered SKF's other arguments to the *Final Results*, but finds them unpersuasive.

### CONCLUSION

For the foregoing reasons,  Commerce's final determination is affirmed in all respects.  Case is dismissed.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated:        June 1, 2000
             New York, New York